758 F.2d 653
 1985-2 Trade Cases 66,814
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MATRIX ENTERPRISES, INC. AND WILLIAM R. ORMES, PLAINTIFFS-APPELLANTS,
v.
MILLINGTON TELEPHONE COMPANY, INC., CITY OF MILLINGTON,
TENNESSEE, MILLINGTON CATV, INC., AND WILLIAM S.
HOWARD, DEFENDANTS-APPELLEES.
 NO. 84-5097
 United States Court of Appeals, Sixth Circuit.
 2/15/85.
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE
 BEFORE: KENNEDY, CONTIE and MILBURN, Circuit Judges.
 Per Curiam.
 
 
 1
 This is a private treble damage action alleging violations of Sections 1 and 2 of the Sherman Antitrust Act (15 U.S.C. Sections 1 and 2), a violation of the Racketeer Influenced and Corrupt Organizations Act ('RICO'), 18 U.S.C. Sections 1961 et seq., and also seeking a declaratory judgment as to the meaning of a Tennessee statute (T.C.A. Section 6-2-402) under the district court's pendent jurisdiction. Plaintiffs-appellants appeal from a judgment of the district court dismissing their complaint for failure to state a claim upon which relief can be granted. The action was dismissed before an answer was filed pursuant to the defendants-appellees' motions. We are of the opinion that the district court should be affirmed but not for the reasons stated in its opinion.
 
 
 2
 The plaintiffs, a Tennessee corporation and a Tennessee independent contractor, contend that they were not given the opportunity to obtain a cable TV franchise in the Millington, Tennessee ('Millington') geographical area because Millington and Millington Telephone Company ('Millington Telephone') had entered into an illegal agreement and understanding. The defendants are a telephone company, the City of Millington, Tennessee, and a corporation and its owner ('Howard') and chief executive officer. Defendant, Millington, a Tennessee municipality, without the public notice required by Tennessee Code Annotated Section 7-59-102(a) enacted an ordinance in 1979 by which Millington obligated itself to issue a cable television franchise to defendant Millington Telephone, which is owned by defendant Howard, who was then and continued thereafter to be an elected member of the governing body of Millington, the Board of Mayor and Aldermen. Millington's Board of Mayor and Aldermen did not solicit bids or entertain unsolicited applications from willing and able applicants for the franchise. Plaintiff Matrix Enterprises, Inc. ('Matrix'), a provider of cable television services, requested the opportunity to apply for the opportunity to enter into a franchise agreement, but Millington refused to honor the request responding that Matrix need not apply because 'the franchise' had already been granted.
 
 
 3
 As to the plaintiffs' theory of legal liability under RICO, the record reflects that the plaintiffs failed to allege in their complaint two predicate acts necessary to support a civil action under 18 U.S.C. Section 1964(c). Further, the plaintiffs, although relying upon mail fraud, failed to properly allege fraud under Fed. R. Civ. P. 9(b). See also DeCarlo, et al. v. Southland Corporation, (slip op. No. 83-1525 6th Cir. 1984).
 
 
 4
 With respect to plaintiffs' antitrust theory of legal liability, we have taken note of the fact that in oral argument presented to the court, the plaintiffs' attorney acknowledged that the cable TV franchise in question is a nonexclusive franchise. Therefore, as such does not involve a monopoly, no antitrust violation can be stated upon which relief can be granted.
 
 
 5
 The remaining relief sought by the plaintiffs, viz., a declaratory judgment as to the meaning of a Tennessee statute, was properly dismissed by the district court as such involved pendent jurisdiction. Therefore, the judgment of the district court is AFFIRMED.